UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
RAYMOND YAU

                      Plaintiff,        2010 Civ. No.
                                              COMPLAINT **12 CIV 0304**
                                              (JURY TRIAL DEMANDED)

           -against-

THE CITY OF NEW YORK (CITY), THE
NEW YORK CITY POLICE DEPARTMENT     **JUDGE BATTS**
(NYPD); AND POLICE OFFICERS OF THE
CITY OF NY INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITY AS NEW YORK CITY
POLICE OFFICERS, POLICE OFFICER
ANA BELL SHIELD NO. 22492 AND
OTHER OFFICERS MEMBERS OF
THE 9TH POLICE PRECINCT
WHOSE IDENTITIES ARE
UNKNOWN AT THE PRESENT TIME.

                      Defendants.

------------------------------------------------------x



    Plaintiff, RAYMOND YAU, by and through his attorney, Andres Manuel Aranda, Esq., respectfully shows to this Honorable Court and alleges as follows:

## INTRODUCTION

1. This is an action commenced by Plaintiff for money damages against defendants for committing acts within the scope of their employment and under color of law and depriving plaintiff of his rights secured and guaranteed by the Constitutions and laws of the United States and the State of New York. This action also seeks damages against the defendant City of New York as respondeat superior for the action and inactions of its agents and employees, whether intentional or otherwise or whether through negligence, indifference, carelessness, or wantonness.

    Plaintiff alleges that defendants through its Police Department and its Police Officers, including the defendant Police Officer Anna Bell, Shield No. 22494, deprived him of the Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, his 14th Amendment due process rights were violated, he was arrested without probable cause, EXCESSIVE AND UNNECASSARY FORCE BEING USED TO EFFECT Mr. Yau's arrest, he was Maliciously Prosecuted, forced to sustain pain and suffering as well as psychological and emotional distress . Furthermore, the Plaintiff was

viciously and maliciously assaulted, battered and abused, both physically and mentally, by the defendants and their agents, including P.O. Anna Bell, Shield No. 22494, all acting within the scope of their employment and in furtherance of the business of the City of New York and the New York City Police Department.

This action has been commenced within three years after plaintiff's claim arose by reason of the favorable termination of the criminal prosecution in favor of the plaintiff. Plaintiff had been arrested on March 17th, 2009 and the case was dismissed and sealed on or about October 20, 2009 pursuant to Criminal Procedure Law Section 30.30 (certificate of disposition attached as well as the Criminal Court Complaint).

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. Sections 1983 and 1985, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

3. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1341(1-4) and 2202.

4. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b).

## NOTICE OF CLAIM

5. A Notice of Claim was filed more than 30 days ago and the matter has not been settled. (copy attached)

## JURY DEMAND

6. Plaintiff demands a trial by jury in the within action.

## PARTIES

7. Plaintiff, Raymond Yau, is an American Citizen residing at 182 South Street, Apartment 4D, New York, NY 10038.

8. Defendant City of New York (CITY) is a municipal corporation organized under the laws of the State of New York and the public employer of the police officers named herein as defendants in this action.

9. Defendant New York City Police Department is an agency of the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York.

10. At all times relevant herein, defendant Police Officers, whose identities are unknown at this time, were police officers assigned to the 9th precinct, acting as agents, servants and employees of the defendant City and NYPD, in furtherance of the scope of their employment and under color of law; to wit under color of statutes, ordinances, regulations, policies, customs and usages of the CITY and the NYPD.

11. At all times relevant herein, Police Officer Ana Bell, Shield Number 22492, was a Police Officer employed by the New York City Police Department, acting under color of

law and within the scope of her employment as a New York City Police Officer, duly authorize by the City of New York to act on its behalf and acting on its behalf and in furtherance of said defendant City's business.

## FACTUAL ALLEGATIONS

12. On or about March 17, 2009 at approximately 2235 hours in the evening, (10:35 P.M.), in front of 61 Second Avenue, within the County of New York, and within the Jurisdictional boundaries of the Southern District of New York, Mr. RAYMOND YAU, was assaulted and arrested by P.O. ANA BELL and members of the NYC POLICE DEPARTMENT. Mr. Yau was approached by PO BELL and other Police Officers, whose names and shield numbers, are unknown at this time; there were approximately eight male officers and one female officer who proceeded to assault him, battered him, threw him against a wall and to the ground and then handcuffed him.

13. At that time and place, the plaintiff was approached by the aforementioned officers, including Police Officer Bell who proceeded to twist his arms, throw him to the ground violently, hand cuff him, punch and kick him, all without probable cause and/or justification or provocation.

14. Mr. Yau was then placed in a police vehicle and transported to the 9th Police Precinct where he was processed for arrest. Thereafter, after he complained of headaches and dizziness, he was taken to Bellevue Hospital. Mr. Yau's arrest, assault, and beating occurred in front of a group of Mr. Yau's friend who were at a peaceful, legal, social gathering celebrating Saint Patrick's Day.

15. Mr. Yau was eventually taken to Central Booking. He was charged with resisting arrest, unlawful possession of Marijuana (no Marijuana was ever presented in Court during the prosecution of Mr. Yau and a Lab Report was never filed) and disorderly conduct. Mr. Yau was arraigned sometime thereafter. The New York County District Attorney's Office reviewed the matter and decided to prosecute him based on erroneous, false and misleading information provided by members of the NYPD and PO Bell.( Criminal Court Complaint is attached) Thus he remained incarcerated until the next, when he was released. In all, re remained approximately 30 hours behind bars. The defendant City of New York has and obligation and a duty to properly train and supervise both its police department, its individual officers, including officer Bell; and its prosecutorial arm, the District Attorneys Office.

16. At the time that Mr. Yau was set upon by the pack of Police Officers they found no contraband on him or near him nor had he broken any laws or ordinances of the City of New York. Mr. Yau, upon questioning, indicated that he was employed, and that he was with his friends peacefully at a social gathering, all of which was verified by those civilians present. However, not believing him, and neglecting to perform a basic minimal investigation, the police brutalized him and arrested him, all without probable cause or justification and in violation of his right to be free from unreasonable police conduct. The defendant City has failed to investigate these actions, these police officers and their

systematically improper conduct. Furthermore, Mr. Yau's civil rights under the New York State Constitution, the US Constitution and 42 USC Sections 1983 and 1985.

16. Mr. Yay was denied his constitutional rights to be free from seizure, arrest, imprisonment and deprivation of movement without probable cause and due process of law.

17. The individual defendants, each and everyone of them, are responsible personally and in their individual and official capacity for the violations of said rights.

17. The criminal case was dismissed after several Court appearances when the New York County District Attorney's office, apparently and finally realized that Mr. Yau had not committed any criminal act that would justify his arrest and thus failed to prosecute him and Counsel move for dismissal under speedy trial grounds.

18. This ordeal greatly traumatized Mr. Yau who, as a result of this incident was beat up, assaulted, battered, incarcerated, humiliated and deprived of his freedom.

## DAMAGES

19. As a direct and proximate result of the said acts of the defendants, Mr. RAYMOND YAU suffered the following injuries and damages:

   a. Violations of his rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States;

   b. Loss of physical liberty due to handcuffing and incarceration;

   c. Humiliation, embarrassment and injury to reputation;

   d. Pain and suffering as a result of being hit across the face with a Police Baton or Night Stick, slammed TO THE SIDEWALK, punched and kicked by members of the NYPD who also placed their knees on the Mr. Yau's back in a violent manner intended to either brake his back or cause him excruciating pain all causing Mr. Yau to seek medical attention at Bellevue Hospital;

   e. Defendant's wrongful deprivation of Plaintiff's rights under color of State Law and violations of the same rights under 42 USC Sections 1983 and 1985.

   f. The defendant Police Officers, each and every one of them, used excessive and unnecessary force while effectuating the unlawful and illegal arrest of Mr. Yau.

   g. Mr. Yau suffered psychological pain and suffering as a result of being handcuffed, incarcerated, falsely accused and maliciously prosecuted;

   h. In addition Mr. Yau was maliciously prosecuted requiring his appearance in Court on various dates, some of them requiring that he spend the whole day at 100 Centre Street waiting around for his case to be called, all without probable cause or justification.

## CAUSES OF ACTION

### COUNT ONE
### 42 U.S.C. Sections 1981 and 1983- FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS: FALSE ARREST AND MALICIOUS PROSECUTION

20. Paragraphs 1-17 are incorporated by reference as though fully set forth.

21. Plaintiff did not commit, either before or at the time he was unlawfully arrested, imprisoned, prosecuted and deprived of his constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. Section 1983 and the Constitution of the State of New York, any illegal act. The Fourth Amendment protects citizens against unreasonable searches and seizures. The Plaintiff herein, RAYMOND YAU, claims that his search and arrest was unlawful because it was done without probable cause to believe that HE had committed a crime. In fact he told the arresting officers that HE WAS PEACEFULLY AND LAWFULLY AT A PARTY AND THIS WAS VERIFIED BY THOSE PRESENT.

22. As a direct result of the defendants', their agents, servants and employees, illegal actions and conduct, the Plaintiff was arrested and imprisoned, until ha was released, some thirty hours later.

23. That on or about March 17, 2009 at 10"35 pm o'clock in the evening, while the Plaintiff was peacefully, calmly and decently at a public sidewalk within the Southern District of New York, he was set upon by a pack of police officers who abused him physically, verbally and psychologically, thereafter, arresting him without probable cause or justification. This occurred on Second Avenue, NY NY, a location within the judicial boundaries of the Southern District of NY. The Plaintiff was falsely accosted and arrested, was taken to the 9th Police Precinct and thereafter to Central Booking. Later on, he was released, after spending approximately 30 hours deprived of his liberty. All of this without any probable cause, just right, justification or grounds therefore.

24. As a result of the defendants' actions, the Plaintiff was unjustly, maliciously and wantonly deprived of his liberty.

25. That the defendants, police officers, acting under color of authority, did not have any probable cause whatsoever to arrest, detain, hold, prosecute, assault, batter, humiliate or cause psychological damage to Mr. RAYMOND YAU AND SAID DEFENDANTS USED EXCESSIVE FORCE WHILE ARRESTING Mr. Yau.

26. That at all times herein mentioned, the defendants, including PO ANA BELL were employed in their respective capacities by the defendants City and the New York City Police Department and were acting under color of their official capacity and their acts were performed under color of the policies, statutes, ordinances, rules and regulations of the CITY OF NEW YORK AND THE NEW YORK CITY POLICE DEPARTMENT.

27. That at all times hereinafter mentioned, defendants, Police Officers were acting under color of law in their official capacity as New York City Police Officers, individually and jointly.

28. That during all times hereinafter mentioned, the defendant police officers and each of then, separately, and in concert, acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the City and the defendants herein, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the plaintiff, RAYMOND YAU, and deprived plaintiff of the rights, privileges and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States to wit: to be free from warrant less searches and arrest without probable cause. The defendants' actions played a substantial role in bringing about a deprivation of the Fourth Amendment's right to be free of

unreasonable search and seizure and restraint on his liberty without due process, and arrests without probable cause. All of the named defendants acted with malice.

### Second Cause of action

29. The plaintiff repeats and reiterates paragraphs one through 26 herein.
30. The defendants, each and everyone on them, maliciously prosecuted the Plaintiff causing him to have to hire an attorney and to appear in Court on a number of occasions.
31. That because of the malicious prosecution of the defendant, he was caused to be anxious, in fear of going to jail and loosing his liberty; and was stressed to the point of not sleeping at night worrying for his future.
32. That as a result of the malicious prosecution on the part of the defendants, plaintiff spent thirty hours incarcerated, deprived of his liberty and freedom of movement and worried that he might go back to jail unjustly and unjustifiably.

### Third Cause of Action

33. Plaintiff repeats and reiterates paragraphs one through 32 herein.
34. That at the time that he was arrested, plaintiff was assaulted, battered, handcuffed, punched and kicked by the defendants who were then acting in their official capacity as Police Officers of the New York City Police Department, employees of the City of New York.
35. That as a result of the vicious beating that Plaintiff received at the hands of the Defendants, he sustained pain, suffering trauma, contusions, black and blues, pain, suffering, humiliation, degradation, lost two days of work, all done under color of law and without probable cause or justification. Furthermore, Mr. Brown had to go to the Hospital and could not work for two days, had to hire an attorney and go to Court several times.

### Fourth Cause of Action Federal Civil Rights Claims

37. The acts of the NYPD, PO BELL and the various Jane Does and John Does were committed under their authority as NYPD AND AS Police Officers vested under and bu virtue of the Laws of the State of New York, and were, therefore, committed under color of state law.
38. The defendant City knew of the need for additional training, screening, supervising and disciplining its police force in order to keep them from ignoring the innocence of Mr. Yau and those similarly situated, including the public at large; training its police force to refrain from filing false accusatory instrument, from ignoring the civil rights of defendants, falsely arresting defendants, assaulting defendants and maliciously prosecuting them.
39. The defendants deviated from accepted practices and failed to conduct an a proper inquiry when arresting and prosecuting Mr. Yau for crimes he had not committed when

required to do so. They ignored evidence demonstrating the innocence of the plaintiff and wrongfully arrested him.

40. The said City failed to adequately provide for screening, training, supervising and disciplining of police officers with respect to they above mentioned issues. This was done through callousness, intentional and deliberate indifference. This type of intentional conduct and deliberate indifference is evidence by decisions of the courts of the state of new york indicating that they NYPD and its employees engage in various acts of misconduct including but not limited to; falsification of evidence, withholding evidence of innocence, giving false testimony, filing false documents and generally failing to act in a reasonable just fair professional honest manner. These cases and rulings include the following:

Riddick v City of New York, 722 NYS 2d294, 4A.D.3d242 (1st Dept 2004)
Bonefant v Kelly, 759 NYS 2d87, 306 A.D.2d108 (1st Dept 2003)
Wagner v Kerik, 748 NYS 2d860,298 A.D.322 (1st Dept 2002)
Seligson v Kerik, 744 NYS 2d 655,295 A.D. 2d262 (1st Dept 2002)

41. By virtue of the decisions referred above and other information and court decisions, the NYPD and the City knew the need for adequate screening, training , supervision and disciplining of its employees was and is compelling because of the overriding credo of the police department to make arrests, particularly on days such as Saint Patrick's Day.

Fifth Cause of Action Municipal Liabilty

42. Plaintiffs repeats and re-alleges paragraph one through 40.
43. At all times hereinafter relevant, the NYPD and the Police Officers involved herein, including Officer Bell, were acting the scope of their employment and/or as a policy maker for the City of NY.
44. To the extent applicable, the City of NY is liable as respondeat superior for said defendants' actions.
45. The defendant City knew or should have known of the Police Officers defendants' propensity to engage in illegal and negligent acts as detailed above and it failed to address or correct such acts.
46. The City of NY and the NYPD maintained a policy and practice of arresting innocent individuals and of prosecuting them without probable cause.
47. The City was negligent in the operation and supervision of its Police Department and by this negligence and inaction it deprived Mr. Yau of his Constitutional rights under the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments.
49. The City failed to take adequate steps to train, discipline, supervise or otherwise correct the illegal conduct o the defendant police officers and/or as a matter of policy and practice has with deliberate indifference and negligence, failed to take steps to uncover and/or correct such conduct, causing the plaintiff's injuries.

50. The injuries suffered by Mr. Yau were caused by each and every one of the policies and practices set forth herein.

51. The actions of the defendants including the City of NY RESULTED IN THE DEPRIVATION OF Mr. Yau's rights under the Fourth, fifth, Sixth, Eight and Fourteen Amendments to the US Constitution.

That by reason of the aforesaid, the Plaintiff has been damaged in the sum of FIFTY MILLION DOLLARS($50,000,000.00)

WHEREFORE, plaintiff requests and demands JUDGMENT as against all of the defendants, individually and jointly as follows:

1. Award compensatory damages in the amount FIFTY Million Dollars on each cause of action;

2. Punitive damages in the sum of ten million dollars;

3. For reasonable attorneys' fees, together with costs and disbursements pursuant to 42 U.S.C. Section 1988 and the power of this Court;

4. Pre judgment interests as allowed by law;

5. For such and other and further relief as to this Honorable Court may deem just and proper.

Dated: Bronx, New York

Respectfully submitted,

ANDRES MANUEL ARANDA
930 Grand Concourse, Suite 1A
Bronx, New York 10451
1-718-514-9765
(718) 541-9241
(718) 541-9244
amarandawill.c.u@g-mail.com

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

|  |  |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK<br>-against-<br>1. Conor McNally (M 27)<br>2. Raymond Yau (M 30)<br>ECAB # 971255<br>Defendants. | MISDEMEANOR |

Page 1 of 2

2009NY021812



Police Officer Ana Bell, shield 22494 of the 009 Precinct, states as follows:

On March 17, 2009, at about 22:35 hours in front of 61 2nd Avenue in the County and State of New York, the Defendants committed the offenses of:

1. PL205.30      Resisting Arrest
   (defendant #1: 1 count)
   (defendant #2: 1 count)
2. PL221.10(1)   Criminal Possession of Marijuana in the Fifth Degree
   (defendant #1: 1 count)
   (defendant #2: 1 count)
3. PL221.05      Unlawful Possession of Marijuana
   (defendant #1: 1 count)
   (defendant #2: 1 count)
4. PL240.20(2)   Disorderly Conduct
   (defendant #1: 1 count)
   (defendant #2: 1 count)

the defendants intentionally attempted to prevent a police officer and peace officer from effecting an authorized arrest of himself and another person; the defendants knowingly and unlawfully possessed marijuana in a public place and such was burning or open to public view; the defendants knowingly and unlawfully possessed marijuana; and the defendants, with intent to cause public inconvenience, annoyance and alarm and recklessly creating a risk thereof, made unreasonable noise.

The offenses were committed under the following circumstances:

Deponent states that deponent observed the defendants holding a marijuana cigarette which was burning. Deponent recovered said marijuana cigarette from defendant McNally's hand. Deponent also recovered one (1) marijuana cigarette from defendant Yau's wallet.

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

Page 2 of 2

THE PEOPLE OF THE STATE OF NEW YORK
-against-

1. Conor McNally (M 27)
2. Raymond Yau (M 30)

ECAB # 971255

MISDEMEANOR

Defendants.



Deponent further states that the above-described substances are in fact what they are alleged to be based upon information and belief, the source of which is as follows: deponent's professional training as a police officer in the identification of drugs, deponent's prior experience as a police officer in drug arrests, the odor emanating from the substance, and observation of the packaging which is characteristic of this type of drug.

Deponent further states that deponent observed defendant McNally yelling and screaming, in substance: WE DID NOT DO ANYTHING? WHAT DID WE DO? I DIDN'T DO SHIT! I DID NOT DO ANYTHING. THIS IS ABSURD. I HAVE LIVED IN COUNTRIES OF WAR. THERE IS NO NEED FOR YOU TO BE THIS WAY. Deponent further states that deponent observed defendant Yau yelling and screaming, in substance: WE DID NOT DO ANYTHING? WHAT DID WE DO? I DIDN'T DO SHIT! I DID NOT DO ANYTHING. GET IT ALL ON FILM! I DID NOT DO ANYTHING. I WANT A COPY OF THE VIDEO. I HAVE FAMILY ON THIS JOB. Defendants' conduct created a public disturbance and inconvenience in that it caused a crowd of approximately fifty (50) people to gather.

Deponent further states that when deponent was placing defendant McNally under arrest for the offenses described above, defendant McNally: (i) twisted away from the deponent, (ii) refused to put defendant's left hand behind defendant's back, (iii) threw his left arm up and down, thereby making handcuffing difficult.

Deponent further states that when deponent was placing defendant Yau under arrest for the offenses described above, defendant Yau: (i) twisted away from the deponent, (ii) refused to put defendant Yau's hands behind defendant's back, (iii) threw defendant's arms up and down, thereby making handcuffing difficult.

False statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law.

_____        _____
Deponent                        Date and Time

ACT 5 Version 4.3.0 Created on 03/18/09 10:26 AM

```
                              STATE OF NEW YORK                TRAN NO
                         DIVISION OF CRIMINAL JUSTICE SERVICES  RAP

        CONFIDENTIAL TO:    NYCPD HQs                          DOB
                            1 POLICE PLAZA RM 11Q0R            RAC
AGENCY ID NO M09625403      NEW YORK         NY                SEX MALE
                                             10038-1403        HGT

NAME: YAU,RAYMOND                         | NYSID 6379530H |   FBI
                                                               III

*********************************************************************
  *THIS NYSID NUMBER WAS USED PREVIOUSLY AND IS NOW REASSIGNED
   TO THIS INDIVIDUAL.
*********************************************************************
ARREST:               03-17-09  22:38   ELAPSED TIME (HRS:MINS)
ORIGINAL RECEIVED:    03-18-09  00:03         001:25
AP PRODUCED           03-18-09  00:29         000:26
                       NAMES USED BY SUBJECT          1ADULT ARREST
YAU,RAYMOND
```

```
           <<<<<<<  CRIMINAL HISTORY  >>>>>>>

    ARREST        | ARREST/ARRAIGNMENT CHARGES  |    DISPOSITION AND
    INFORMATION   |                             |    RELATED DATA

ARR DT/PL 03-17-09|        -- ARREST --         |  NO DISPOSITION REP
NYCPD 9           |  RESISTING ARREST           |
                  |  PL   205.30       NO SUB   |  COURT OF ARRAIGNMEN
ARR DATE 03-17-09 |  CLASS A MISD     NCIC 4801 |  CRIM COURT NEW YORK
CRIME PLACE:      |                             |
NYCPD 9           |  CRIM POSS MARIHUANA-5TH,PUBLIC|
                  |  PL   221.10      SUB 01    |
ARR/AGY M09625403 |  CLASS B MISD     NCIC 3562 |
NYPD PCT 009      |                             |
                  |  DIS/CON:FIGHT/VIOLENT BEHAVIOR|
COMP ARR CLASS    |  PL   240.20      SUB 01    |
                  |       VIOL        NCIC 5311 |
ARR NO M020739    |                             |
                  |  DIS/CON:UNREASONABLE NOISE |
                  |  PL   240.20      SUB 02    |
                  |       VIOL        NCIC 5311 |
```

```
           <<<<<<<  OTHER INFORMATION  >>>>>>

0591 UPDATED PERSONAL DESCRIPTORS:  EYES/BROWN            WGT 200 LBS

C INFO: NOV 05,1978

R INFO: UZBEKISTAN

ARR REPORTED ON            INFORMATION
SOURCES:
         MAR 17,2009  YAU,RAYMOND
(CONT NEXT PAGE)
```

```
CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK                          CERTIFICATE OF DISPOSITION
                                                  NUMBER:   79412
THE PEOPLE OF THE STATE OF NEW YORK
              VS

YAU, RAYMOND                                      11/05/1978
Defendant                                      Date of Birth

1229 N SYCAMORE A                                 6378530H
Address                                        NYSID Number

HOLLYWOOD              CA                         03/17/2009
City              State    Zip                 Date of Arrest/Issue

Docket Number: 2009NY021812                    Summons No:

205.30 221.10 240.20 221.05
Arraignment Charges

Case Disposition Information:

   Date           Court Action                 Judge              Part
10/20/2009   DISM - SPEEDY TRIAL PROVISIONS   FERRARA, A          SA
```

    I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN
THIS COURT.

FANELLI, R                                       09/19/2011
COURT OFFICIAL SIGNATURE AND SEAL                  DATE        FEE: 10.00

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT
          SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)

## DESIGNATION OF AGENT FOR ACCESS TO SEALED RECORDS PURSUANT TO NYCPL 160.50[1][d]

I, **RAYMOND YAU**, Date of Birth **11/5/78**, SS# **118664760** pursuant to NYCPL § 160.50[1][d], hereby designate MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, or his authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled People of the State of New York v. **RAYMOND YAU**, Docket No. or Indictment No. **2009NY018ILin CRT. M.** Court, County of **NY**, State of New York, relating to my arrest on or about **3-17-09**, may be made available for use in Civil Action **RAYMOND YAU** , **CITY OF NY & NYPD** (S.D.N.Y.).

I understand that until now the aforesaid records have been sealed pursuant to CPL § 160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL § 160.50.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL § 160.50.

I further authorize the release of a list from the New York City Police Department that identifies all my prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests.

SIGNATURE

STATE OF NEW YORK )
                  : SS.:
COUNTY OF **New York** )

On this **20th** day of **February**, 201**2**, before me personally came **Raymond Yao** me known and known to me to be the individual described in and who executed the foregoing instrument, and __ acknowledged to me that __ executed the same.

*Indira E. Polanco*
NOTARY PUBLIC

INDIRA E POLANCO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01PO6216214
Qualified In New York County
My Commission Expires January 1, 2014

May 18, 2011